CHICAGO-DETROIT EXPRESS, INC., *v.* PUBLIC SERVICE
COMMISSION.

1. PUBLIC SERVICE COMMISSIONS—RECIPROCITY AGREEMENT—MOTOR
   CARRIERS FOR HIRE—LEASES—EXEMPTION FROM FEES AND TAXES.
   Defendant public service commission's determination that lease
   agreement between Michigan motor vehicle owners and plain-
   tiff Illinois lessee was not a bona fide lease *held,* supported by
   record showing that owners were to operate their own vehicles
   and lessee sought exemption from payment of weight tax,
   public-utility mileage fees and filing fees under reciprocity
   agreement between the states relative to motor carriers for hire
   (Act No. 185, Pub. Acts 1937).
2. EQUITY—PLEADING—CONCLUSIONS—FACTS—ADMISSIONS.
   A statement in a bill of complaint that the action of defendant
   governmental agency is arbitrary, capricious, erroneous and
   contrary to a reciprocity agreement between plaintiff's and
   defendant's domiciliary States is a mere conclusion, and not a
   well pleaded fact admitted on motion to dismiss (Act No. 185,
   Pub. Acts 1937).

Appeal from Ingham, Carr (Leland W.), J.  Sub-
mitted August 29, 1946.  (Docket No. 67, Calendar
No. 43,390.)  Decided January 6, 1947.

Bill by Chicago-Detroit Express, Inc., an Illinois
corporation, against W. J. McBrearty and others,
constituting the Michigan Public Service Commis-
sion, and W. J. McBrearty and others constituting
the Michigan Highway Reciprocity Board for in-
junction restraining defendants from collecting fees
or penalties, to reverse order of the Commission
and for other relief.  Bill dismissed.  Plaintiff ap-
peals.  Affirmed.

*David Axelrod, Carl L. Steiner* and *L. F. Richardson,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd* and *James W. Williams* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

REID, J.   The circuit court for the county of Ingham in chancery on defendants' motion dismissed plaintiff's bill of complaint, which sought injunctive and other relief.   Plaintiff appeals.   Plaintiff's principal reason for filing the bill is that defendants refused reciprocity as to certain vehicles claimed by defendants to be owned by residents of Michigan and leased to plaintiff, which is an Illinois corporation, and that defendants refused exemption as to those particular vehicles from payment of license plate and weight tax, public-utility mileage fees and filing fees.

A certain reciprocity agreement was made on November 26, 1937, between duly authorized representatives of the States of Michigan and Illinois, which agreement was authorized on the part of the State of Michigan under Act No. 185, Pub. Acts 1937, effective July 12, 1937 (Comp. Laws Supp. 1940, § 422–1 *et seq.,* Stat. Ann. 1946 Cum. Supp. § 9.1731 *et seq.*).   Under the agreement, certain residents of Illinois, including corporations, are exempted from payment of license plate and weight tax, public utility and mileage fees and filing fees.   Defendant Michigan public service commission refused to renew a certificate of exemption as to the enumerated vehicles in question in this case on the ground they were owned by residents of the State of Michigan, though leased to plaintiff, an Illinois corporation. This refusal, plaintiff claims, was wrongful and against the lawful rights of plaintiff.

Plaintiff averred in its bill of complaint, filed August 9, 1945, that it is without remedy save in a court of equity, and prayed that defendants be enjoined from collecting the taxes and fees in question, and further prayed that defendant reciprocity board be ordered to renew plaintiff's exemption certificate so as to include in the exemption the excluded vehicles, and that the order of the public service commission dated July 11, 1945, be amended by order of the court.

The question presented for review is whether or not the circuit judge was correct in granting defendants' motion to dismiss.

The reciprocity agreement contained the following:

"Said Michigan public utilities commission without fees or charge shall issue exemption plates or cards to the applicant, if an actual and bona fide citizen of Illinois within the intent of this agreement, which may be appropriate to applicant's lawful operations. * * * Provided, that said commission's general power to control, regulate and prevent abuses in the practice of carriers in hiring and leasing equipment to be operated by the drivers thereof, shall not be impaired by this agreement insofar as that power might affect Illinois registered equipment."

There is attached to the bill of complaint as an exhibit a copy of the order of the Michigan public service commission (the successor to the Michigan public utilities commission). That order recites that the owners of vehicles denied the benefits of reciprocity are residents of Michigan, and finds that the purported lease agreement by which the Michigan-owned vehicles are leased by plaintiff does not constitute a bona fide lease. There is no averment in the bill of complaint that the said owners are not residents of Michigan. The bill alleges that the

action of defendant commission in denying reciprocity to the Michigan-owned vehicles is arbitrary, capricious and erroneous and contrary to the reciprocity agreement. There is also attached to the bill of complaint an exhibit showing the nature and terms of the lease agreement. The lease agreement contemplates that the owner of the vehicle is to be employed as the driver thereof with the result that the Michigan owner of the vehicle is driving his own vehicle on the highways of Michigan, in the employment of plaintiff, and plaintiff is demanding exemption from paying the charges that are due the State of Michigan. The defendant commission determined that the lease agreement was not bona fide. The allegations in the bill and the exhibits which are attached to the bill and made a part thereof are sufficient to justify defendant Michigan public service commission in concluding that the lease agreement is not bona fide. The statement in the bill that the action of the defendant commission is arbitrary, capricious, erroneous and contrary to the reciprocity agreement is a mere conclusion. There are no well pleaded facts to sustain that conclusion. The allegations in the bill and the attached exhibits which are made a part thereof are sufficient to justify defendant commission in withholding, under the reciprocity agreement, the benefits of reciprocity as to the vehicles in question.

It sufficiently appears that the so-called lease agreement under which plaintiff seeks the right to operate the vehicles owned by residents of Michigan is not a bona fide lease agreement but instead is an obvious attempt to enable Michigan owners of the vehicles involved to operate them on Michigan highways without paying the fees and charges imposed by Michigan statutes.

Since the foregoing appears on the face of the bill of complaint and is uncontroverted, the bill fails to

state a sufficient reason for granting the relief sought.

Defendants filed a motion to dismiss the bill as failing to state grounds for equitable relief. The decree appealed from dismissed the bill in accordance with the motion. The decree is affirmed, with costs to defendants.

BUTZEL, BUSHNELL, SHARPE, BOYLES, and NORTH, JJ., concurred. CARR, C. J., and DETHMERS, J., did not sit.